Dear Representative Binger:
This is in response to your request for an official opinion of this office asking whether the State Board of Education has authority to make distinctions between the allowable costs it will reimburse for the two types of pupil transportation services — school district operated transportation, and contracted transportation.
Section 163.161, House Bill No. 969, 79th General Assembly, grants the State Board of Education broad authority to determine allowable costs for state aid. This statute provides in pertinent part:
 ". . . Any school district which makes provision for transporting pupils as provided in sections 167.231 and 167.241, RSMo, shall receive state aid for the ensuing year for such transportation on the basis of the cost of pupil transportation services provided the current year. A district shall receive an amount not greater than eighty percent of the allowable costs of providing pupil transportation services to and from school, except that in no case shall a district receive an amount per pupil greater than one hundred twenty-five percent of the state average approved cost per pupil transported the second preceding school year. The state board of education shall approve all bus routes and determine the total miles each district should have for effective and economical transportation of the pupils and shall determine allowable costs."
(Emphasis added).
Pursuant to the above statute, the State Board of Education defined allowable costs for state transportation in Rule 5 CSR 40-261.040. This rule provides in pertinent part:
 "(1) Allowable Costs for School District Operated Transportation
 (A) Salaries of bus drivers and other personnel except administrative staff employed for the operation and maintenance of pupil transportation will be allowable. If employees have other school duties besides those relating directly to transportation, their salaries shall be divided between pupil transportation and other programs according to time actually spent in each program.
* * *
 "(2) Allowable Costs for Contracted Transportation Service
 (A) Contracted transportation costs, including transportation of four (4) students or less under the provisions of section 304.060
RSMo and costs paid to other school districts, are allowable.
 (B) Not more than one (1) percent of total contracted transportation cost may be charged for district administrative expense connected with the transportation program as specified under section (1)(A)3 of this rule."
You have provided us with the example of a safety engineer to illustrate the distinction made between contracted and district-operated transportation services. If the district contracts for transportation services, the entire salary of a safety engineer hired by the contractor might be included in the cost of the contract and would therefore be an allowable cost. However, if the school district hires its own safety engineer and transports students in district-owned buses, the engineer is considered to be a member of the administrative staff under Section (1)(A)3 of the above rule. This section provides:
 "3. Administrative staff including directors of transportation, bus supervisors, superintendents of schools, assistant superintendents, school principals, business managers, payroll clerks, secretaries, or personnel directors who may devote all or a portion of their time to pupil transportation may be charged in an amount not exceeding five (5) percent of the total of other salaries charged to the program under sections (1)(A), (1)(A)1, and (1)(A)2 of this rule."
Thus, the entire salary of a safety engineer hired by the district might not be allowable.
An administrative regulation is invalid if it violates the statute under which it is issued or if it is beyond the scope of statutory authority. As stated in 2 Am.Jur.2d Administrative Law § 300 (1962) p. 126:
 "Administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency. A rule or regulation which is broader than the statute empowering the making of rules, or which oversteps the boundaries of interpretation of a statute by extending or restricting the statute contrary to its meaning, cannot be sustained. To the extent that a regulation is not in conformity with the statute and with controlling judicial interpretations of the statute it conflicts with the meaning of such statute and so is unauthorized; and regulations must conform, not only with the statute under which they are issued, but also with the constitution and other laws."
Because the grant of authority in this instance is so broad, and virtually no legislative direction delimits the discretion of the state board in making its determinations of allowable costs, we cannot conclude that the regulations in question go beyond the scope of statutory authority, or are in conflict therewith.
A regulation must not only be promulgated pursuant to the authority granted, but it must also be a reasonable application of the legislative intent. In 2 Am.Jur.2d Administrative Law § 303 (1962) p. 131, it is provided that:
 "Administrative agencies may not act arbitrarily and capriciously in the enactment of rules and regulations in the exercise of their delegated powers. Whether so required by statute expressly or impliedly or by judicial decision, or as a necessary element of due process of law or a restriction upon exercise of the police power, an administrative regulation must be reasonable in order to be valid. Regulations which are arbitrary or unreasonable will not be sustained or enforced but will be set aside by the courts.
 "Rules and regulations of administrative agencies must be reasonably directed to the accomplishment of the purposes of the statute under which they are made, tend to its enforcement, or be reasonably adapted to secure the end in view. They are invalid if shown to bear no reasonable relation to the purposes for which they are authorized to be made."
A board of education, such as the state board here, is given considerable latitude by the courts in issuing rules and regulations. Except for providing redress for unreasonable, arbitrary, capricious or unlawful action by a board of education in their exercise of broad power and discretion to manage school affairs which are statutorily granted to such officials, courts will not interfere in the management of school affairs. School Dist. of Kansas Cityv. Clymer, 554 S.W.2d 483 (K.C.App. 1977); Aubuchon v. GasconadeCounty R-I School Dist., 541 S.W.2d 322 (St.L. App. 1976); see also 68 Am.Jur.2d Schools § 55 (1962) p. 406, where it is stated:
 ". . . The presumption is always in favor of the reasonableness and propriety of a rule or regulation duly made, and one attacking such rule or regulation has the burden of persuasion to prove otherwise."
Applying the above principles to the situation presented here, it is our opinion that presumption of reasonableness should prevail. While the rule set forth in 5 CSR 40-261.040 et seq., does make a distinction between district-operated and contracted transportation services in connection with reimbursement for administrative salaries, we cannot conclude that such distinctions are per se invalid. Obviously, the two types of service are in fact different and any rule dealing with the costs thereof must take account of such differences.
We can presume that the legislature would not intend that a school district be given any financial advantage by virtue of its choice between district-operated and contracted transportation services. However, we cannot say, purely on the basis of the example you have provided that such is the net result of the state board's rule. In order to determine whether the allowable cost regulations do create an unreasonable financial distinction, it would be necessary to compare the total state reimbursement for similar districts operating the two different systems on the basis of average cost per child, or a similar method of comparison. Although the rule appears to "favor" contracted transportation in connection with administrative salaries, there may be other areas in which district-owned transportation is similarly "favored". The net effect of the regulatory scheme may be neutral, and without some evidence that it operates to promote one form of transportation substantially over the other, we cannot conclude that the rules are unreasonable.
It is our view that the State Board of Education has authority to make distinctions between district-operated and contracted pupil transportation services in the exercise of its discretion to determine allowable costs.
Very truly yours,
 JOHN ASHCROFT Attorney General